IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK VEGA,

    Plaintiff,

v.                                                                                      No. CIV-08-599 MV-RHS

THE CITY OF LAS CRUCES, EDWARD
VILLAREAL, individually and in his official
capacity as a police officer for the City of Las
Cruces, SERGIO MENDEZ, individually and in
his official capacity as a police officer for the
City of Las Cruces, TAMARA GARAY, individually
and in her official capacity as a police officer for
the City of Las Cruces, PAUL LUJAN, individually
and in his official capacity as a police officer for
the City of Las Cruces, and the LAS CRUCES
POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Individual Defendants' Motion to Dismiss Claims brought against them in their Official Capacities (Doc. No. 4, filed July 9, 2008) and on Defendants' Motion to Dismiss Certain State Law Claims (Doc. No. 6, filed July 9, 2008). Plaintiff did not file a response in opposition to either of the two Motions. For the reasons that follow, the Court will **GRANT** the Individual Defendants' Motion to Dismiss Claims brought against them in their Official Capacities (Doc. No. 4, filed July 9, 2008) and will **GRANT in part** and **DENY in part** Defendants' Motion to Dismiss Certain State Law Claims (Doc. No. 6, filed July 9, 2008).

**Motion to Dismiss Official Capacity Claims**

Plaintiff sued four City of Las Cruces police officers individually and in their official capacity as police officers for the City of Las Cruces. (Complaint at 1, Doc. No. 1-2, filed June 24, 2008). The individual Defendants move the Court to dismiss the claims brought against them in their official capacities for failure to state a cause of action upon which relief can be granted. (Doc. No. 4, filed July 9, 2008).

An official capacity suit against an officer is "only another way of pleading an action against an entity of which an officer is an agent." *Johnson v. Bd. of County Comm'rs for the County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (*quoting Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, and not as a suit against the official personally, for the real party in interest is the entity." *Id.* Plaintiff has also sued the City of Las Cruces and the Las Cruces Police Department. (Complaint at 1-2). The Court will, therefore, dismiss the claims brought against the officers in their official capacities.

**Motion to Dismiss Certain State Law Claims**

Defendants move the Court to dismiss Plaintiff's first Count III, entitled "Malicious Abuse of Process," Count VI, entitled "Outrage," and Count VII, entitled "Negligent Hiring, Retention, Training and Supervision," on the ground that these claims fail to state a cause of action upon which relief can be granted. (Doc. No. 6 at 1, filed July 9, 2008). Defendants argue that these claims are barred by the New Mexico Tort Claims Act. (Doc. No. 7, filed July 9, 2008).

The New Mexico Tort Claims Act grants governmental entities and public employees acting within the scope of duty immunity from liability for any tort except as waived by subsequent

sections of the Act. N.M. Stat. Ann. § 41-4-4. This immunity does not apply to liability for various torts when caused by law enforcement officers while acting within the scope of their duties. N.M. Stat. Ann. § 41-4-12 (listing torts for which immunity is waived). Section 41-4-12 does not waive immunity for Outrage. The Court will dismiss Count VI, entitled "Outrage."

Defendants argue that "nowhere in the [New Mexico Tort Claims Act] is there a waiver of immunity for malicious abuse of process . . . ." (Doc. No. 7 at 1-2, filed July 9, 2008). Section 41-4-12 does not waive immunity for "malicious abuse of process," but it does waive immunity for "malicious prosecution" and "abuse of process." "In New Mexico, there are no longer separate torts of abuse of process and malicious prosecution; these two torts were restated as a single cause of action, known as malicious abuse of process." *Durham v. Guest*, 171 P.3d 756, 766 (N.M. Ct. App. 2007) (*citing DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001, ¶ 1).

Defendants also state that "nowhere in the [New Mexico Tort Claims Act] is there a waiver of immunity for . . . negligent hiring, retention, training and supervision." (Doc. No. 7 at 1-2, filed July 9, 2008). Although Section 41-4-12 lists several specific torts and does not mention negligent supervision or training, the New Mexico Tort Claims Act does not bar claims against supervisory defendants for negligent supervision and training. *See Ortiz v. New Mexico State Police* 814 P.2d 117, 119-120 (N.M. Ct. App. 1991) (holding that the New Mexico Tort Claims Act did not provide immunity to law enforcement officers whose negligent supervision and training of their subordinates proximately resulted in commission of torts by those subordinates).

The fact that Plaintiff did not file a response in opposition to Defendants' Motion to Dismiss Certain State Law Claims does not require that the Court grant the Motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-1178 (10th Cir. 2003) (district court may not grant a motion to dismiss merely

because a party failed to file a response). Defendants, as movants, have the burden of showing that no claim has been stated. *See Sanchez v. Albuquerque*, 65 Fed. Appx. 241, 243 (10th Cir. 2003) (unpublished opinion) ("When a party moves to dismiss under Rule 12(b)(6), the movant must show beyond a doubt that the plaintiff can prove no set of facts to support his claim entitling him to relief."); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("the allegations [in the complaint] must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief"). Defendants' argument in their memorandum in support of their Motion, which contains only five sentences, has not demonstrated to the Court that Plaintiff has not stated a plausible claim for relief. Because Defendants did not satisfy their burden of showing that Plaintiff did not state plausible claims, the Court will not dismiss the Malicious Abuse of Process and the Negligent Hiring, Retention, Training and Supervision claims.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2008.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Charles McElhinney
P.O. Box 39
Las Cruces, NM 88004

*Attorney for Defendant:*

Matthew P. Holt
P.O. Box 2699
Las Cruces, NM 88004-2699